# SUPREME COURT

OF THE

## STATE OF NEW YORK,

AT GENERAL TERM,

NOT REPORTED IN FULL IN THE REGULAR SERIES OF REPORTS, FROM MARCH 1889, WITH ANNOTATIONS.

---

CATHERINE A. ANDERSON, Individually and as Executrix, etc., Respondent, *v.* WEEKS W. CULVER *et al.*, Appellants.

*N. Y. Supreme Court, Second Department, General Term, June* 28, 1889.

*Mortgage. Payment. Presumption.*—The inference of payment of a mortgage arising from the possession of the bond by the mortgagor or his grantee is rebutted by the absence of proof as to whom or when the payment was made or as to any satisfaction piece, or cancellation of record, and by the want of explanation why the old back was detached from, and a new back substituted to, such bond, and why the answer was amended so as to avoid a direct allegation of payment to the mortgagee.

Appeal from a judgment of foreclosure and sale entered on the report of a referee.

*Sullivan & Cromwell*, for appellants.

*Shipman Barlow, Larocque & Choate*, for respondent.

BARNARD, P. J.—Weeks W. Culver, one of the defendants, on the 1st of July, 1881, executed a mortgage to the plaintiff to secure a loan to him by the plaintiff of $6,000. The mortgage was upon lands in Kings county and was recorded 6th of July, 1881. The interest was payable half yearly. On the 31st of July, 1883, Culver sold the lands to the defendants, Thompson & Norris, for $10,000, and they assumed the payment of the principal sum secured by the mortgage and agreed to pay the same. This deed was recorded on the 2d of August, 1883. The plaintiff commenced

this action to foreclose the mortgage, claiming the entire payment and the interest from July 1, 1886.

Upon the trial, the defendants, Thompson and Norris produced the bond which accompanied the mortgage, and the sole question is whether the presumption of payment arising from its provisions is rebutted by the proof. There were two answers, one put in by Culver and the other by Thompson & Norris. The Culver answer avers payment, and that the mortgage was "fully satisfied and discharged and canceled of record." The Thompson & Norris answer avers that "they paid the plaintiff the whole of the balance money and interest thereon," and that they received a satisfaction piece, which was filed in Kings county on the 10th of April, 1886, which was the day of the payment. The defendants rest entirely upon the production of this bond. No proof is given of the cancellation of the mortgage, and it must be assumed that it is uncancelled of record. The defendants, Thompson & Norris, on the trial, amended their answer by striking out the words in their answer that the payment was made "to the plaintiff." No information is given as to when the payment was made. There is evidently something which Thompson & Norris could make more definite in respect to this payment and which is withheld. The payment presumably was made to the plaintiff under the amended answer. To whom was it made? The bond has been withheld. The back on which would appear the indorsements of interest or of principal, has been detached, and a new back without a mark upon it, substituted. This new back was part of one apparently used by the plaintiff's attorney, for the firm name is written and printed thereon. No explanation is given. Thompson & Norris, or some one for them, can explain where and how this payment was made. Was there a satisfaction-piece, and where is it? Who made the satisfaction certificate?

If the plaintiff executed it, why is the answer altered so as to justify an inference that the payment was made to some

one other than the plaintiff? In case she signed it the payment was made to the plaintiff. Thompson & Norris had the power to state the facts, and their omission to do so justifies an inference against their claim. Under the case as it now stands the inference of payment arising from the production of the bond is rebutted, and the judgment should be affirmed, with costs.

DYKMAN, J. concurs.